UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04112-SVW-AJR | Date | June 14, 2024 |
|---|---|---|---|
| Title | *Joao Henriques et al v. Tine Nilsen et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

### I. Factual and Procedural Background

Plaintiffs, who were residential tenants of property located in Los Angeles, filed the original complaint on May 16, 2024, alleging breach of contract. Dkt. 1. Plaintiffs listed an address in Australia. Dkt. 1 at 1. On May 31, 2024, this Court ordered Plaintiffs to show cause, no later than June 10, 2024, as to why the case should not be dismissed for lack of subject matter jurisdiction. Dkt. 11. Plaintiffs responded on June 11, 2024, stating that the action was filed based on diversity jurisdiction because "Plaintiffs are in Australia and Defendants are in California, and the amount in dispute is $365,000" and that "[t]here is no member of Plaintiffs who is still in California." Dkt. 13. On June 11, 2024, Plaintiffs also filed a first amended complaint, which again listed an address in Australia but did not provide any other information on citizenship or subject matter jurisdiction. Dkt. 14.

### II. Legal Standard

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only where authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C §§ 1331, 1332(a). In relevant part, § 1332 establishes that diversity jurisdiction exists over civil actions (1) between "citizens of different States" and (2) between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1) & (2).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04112-SVW-AJR | Date | June 14, 2024 |
|---|---|---|---|
| Title | *Joao Henriques et al v. Tine Nilsen et al* | | |

"To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted).

"United States citizens domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, so that § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (internal quotations and citation omitted).

Because subject matter jurisdiction goes to the power of a court to hear a case, a court may, at any time, raise the issue of subject matter jurisdiction sua sponte and must dismiss if no subject matter jurisdiction exists. Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016) (quoting *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016)). "The essential elements of diversity jurisdiction . . . must be affirmatively alleged in the pleadings." *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

### III.   Analysis

Here, neither the original complaint, Dkt. 1, nor the first amended complaint, Dkt. 14, adequately plead diversity jurisdiction because they do not identify the citizenship of the Plaintiffs—let alone any of the parties. Plaintiffs' response to the order to show cause, Dkt. 13, also fails to address citizenship of the parties. It only indicates where the parties *reside*, not where they are citizens.

"Ordinarily, failure to adequately plead a party's citizenship to satisfy diversity jurisdiction under 28 U.S.C. section 1332 requires dismissal of the action." *Landec Corp. v. Certain Underwriters At Lloyd's London, Syndicate*, No. CV214274DMGRAOX, 2021 WL 10862335, at *2 (C.D. Cal. July 9, 2021). Because of Plaintiffs' failure to adequately respond to the order to show cause, and because of Plaintiffs' subsequent failure to adequately plead diversity jurisdiction in their amended complaint, the action is DIMISSED without leave to amend.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-04112-SVW-AJR | Date | June 14, 2024 |
|---|---|---|---|
| Title | *Joao Henriques et al v. Tine Nilsen et al* | | |

### IV.  Conclusion

Because Plaintiffs have failed to demonstrate that the Court has subject matter jurisdiction, the case is DISMISSED.

**IT IS SO ORDERED.**

| | Initials of Preparer | PMC |
|---|---|---|